**Christopher James FORDHAM,
Plaintiff–Appellant,**

v.

**Boyd BENNETT; Theodis Beck; Dennis Rowland; Michael A. Munns; Tarquintus Walser; Nurse Plummer; Douglas Harris; McCoy, Correctional Officer, Defendants–Appellees.**

No. 07–7003.

United States Court of Appeals,
Fourth Circuit.

Submitted: Jan. 15, 2008.

Decided: April 10, 2008.

Christopher James Fordham, Appellant Pro Se.

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion. Judge GREGORY dissents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher James Fordham seeks to appeal the district court's order denying

his motion under Fed.R.Civ.P. 60(b). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on May 9, 2007. The notice of appeal was filed on June 29, 2007.* Because Fordham failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Judge Gregory would construe Fordham's notice of appeal as a motion for extension of time to file an appeal and would remand this case to the district court for a ruling on that motion. Accordingly, he dissents from the dismissal of this appeal.

*DISMISSED.*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the

court. Fed. R.App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).